UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                                                          CRIMINAL ACTION

MARK B. GILMORE                                                      NO. 08-06-JVP-SCR

**RULING ON MOTION TO SUPPRESS**

This matter is before the court on a motion to suppress the fruits of a search conducted at the residence of defendant, Mark B. Gilmore,[1] based on an allegedly defective search warrant (doc. 40). The government opposes the motion (doc. 49).

On October 31, 2006, detectives with the Ascension Parish Sheriff's Office executed a search warrant at a trailer residence located at Lot #4, 14383 L. Keller Road, St. Amant, Louisiana. The warrant, issued by a judge of the Twenty-Third Judicial District for the Parish of Ascension, Louisiana, also authorized search of a Dodge truck, a single-wide trailer, a work trailer, and a metal storage building. The warrant listed a number of specific items sought to be seized, along with types of items sought to be seized (i.e., electronic and other devices generally used to effectuate identity theft and monetary instrument abuse). According to the

---

[1]Both parties agree that the residence searched was, in fact, defendant's residence (see doc. 40, p. 1; doc. 49, p. 1). Had the residence not belonged to defendant, he would, of course, have no standing to bring this motion.

1

government, the following items were ultimately seized: the work trailer and its contents (which the government does not intend to introduce into evidence), two computer routers found inside the residence, and defendant's wallet found inside the truck. When detectives also observed items inside the residence believed to be indicative of a methamphetamine laboratory, narcotics officers were summoned and thereafter seized suspected methamphetamine, Xanax, Valium, and marijuana.

On January 23, 2008, defendant was indicted on a single count for conspiracy to make, utter and possess counterfeit securities, to produce false identification documents, to possess with intent to use false identification documents, and to commit aggravated identity theft and forfeiture (doc. 1). The government indicates the likelihood that defendant will eventually be charged with a drug offense (doc. 49, p. 3, fn. 1).

In support of his argument that the warrant was "overbroad," defendant claims only that "the warrant at issue outlines a multitude of items being sought by investigators seeking the warrant, but includes no facts or information that explains why they are seeking the items listed. There are no details noted in the affidavit which in any way connects [sic] the various listed items to defendant Gilmore. There are no time references and no checks are linked with specificity to the various 'items purchased with counterfeit checks'" (doc. 40, p. 6) (footnote omitted).

The court disagrees. The affidavit states that counterfeit checks were cashed at a number of locations and that video surveillance of those transactions were

examined. In one video, a blue Dodge truck with New Mexico tags – later determined to be registered to defendant – was identified. The affidavit also states that defendant himself was identified as passing a forged check in a surveillance video from Lowe's in Baton Rouge. The court concludes, therefore, that probable cause existed to seize the enumerated items – devices used in making counterfeit checks, along with certain items presumably purchased with counterfeit checks. At the very least, as the government convincingly argues, probable cause existed to justify seizure of the items *actually* seized, which does not include any "items purchased with the counterfeit checks."

In support of his argument that the facts supporting the warrant were "stale," defendant claims that "the affidavit made no mention of any dates of offenses, noting only that the sheriff's office began an investigation '[i]n early September 2006.' There is no information contained within the four corners of the affidavit indicating when the alleged forged checks were written and passed. No dates or times are mentioned in this regard, nor does the affidavit mention with any specificity how the defendant was involved in any of the various incidents which are mentioned in a very generalized fashion. . . " (doc. 40, p. 7).

Again, the court disagrees. In addition to the court's comments, *supra*, in response to defendant's "overbreadth" argument, the court adds that it is implicit from the four corners of the affidavit that the checks were passed sometime between shortly prior to early September 2006 and October 31, 2006 – a period of

approximately two months. The court finds this time period completely reasonable, particularly considering that the crime alleged in the affidavit is typically understood to be ongoing in nature. Moreover, as stated in the affidavit, "[u]pon Detectives driving pass [sic] the house *on this evening*, they observed Mr. Gilmore and the second suspect sitting in the yard with the Blue Dodge truck displaying the New Mexico tag listed above. Upon detectives turning in the driveway[,] both suspects fled and were eventually caught" (doc. 49-2, p. 2) (emphasis added). The court concludes that defendant has failed to carry his burden of proof relative to the "staleness" argument, particularly when all the facts contained within the affidavit are read in conjunction with the following factual events, all having occurred on *the same date* that the warrant was issued and executed: the detectives discovered the truck at the residence in question and, upon seeing the detectives, defendant fled the scene. These facts also defeat defendant's argument that the affidavit failed to establish that defendant actually lived at that particular residence even though, as stated in the affidavit, "investigation revealed that Mr. Gilmore *possibly had* family in Ascension Parish at Lot #4 on L. Keller Rd." (doc. 49-2, p. 2) (emphasis added).

Because the court concludes that there was a substantial basis for the judge to conclude that probable cause existed and that the items sought were probably at the searched location, it need not address defendant's final argument relative to the inapplicability of the good faith exception.

## CONCLUSION

Accordingly, the motion to suppress by defendant, Mark B. Gilmore (doc. 40), is hereby **DENIED**.

Baton Rouge, Louisiana, July 29, 2008.

*[signature]*
JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA